UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENANCIO RODRIGUEZ,<br><br>            Plaintiff,<br><br>     vs.<br><br>E. AGUIRRE, et al.,<br><br>            Defendants. | 1:13-cv-01457-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO ADD DOCUMENTS TO COMPLAINT (Doc. 9.)<br><br>ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT, IF HE SO WISHES<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A SECTION 1983 COMPLAINT FORM |

**I.      BACKGROUND**

Benancio Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 11, 2013. (Doc. 1.) On April 30, 2014, Plaintiff submitted documents which he seeks to add to the Complaint. (Doc. 9.)

**II.     LOCAL RULE 220 – CHANGED PLEADINGS**

Local Rule 220 provides in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right

or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to add documents as exhibits to the Complaint. However, under Rule 220, Plaintiff may not amend the Complaint by adding an exhibit after the Complaint has been filed. To add information or an exhibit to the Complaint, Plaintiff must file a new amended opposition which is complete within itself.

## II.     LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

If Plaintiff chooses to amend the Complaint, he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of unrelated events. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on September 11, 2013.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.  CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to add documents to the Complaint, filed on April 30, 2014, is DENIED;
2. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;
3. Within thirty (30) days from the date of service of this order, Plaintiff may file a First Amended Complaint using the court's form, if he so wishes;
4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:13-cv-01457-GSA-PC, and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send one § 1983 civil rights complaint form to Plaintiff.

IT IS SO ORDERED.

Dated:  **May 8, 2014**              **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE