# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENANCIO RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. AGUIRRE,<br><br>　　　　Defendant. | Case No.  1:13-cv-01457-SAB-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS DISMISSAL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff Rodriguez appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

## I.

## ALLEGATIONS

This action proceeds on the December 24, 2014, first amended complaint, filed in response to the December 11, 2014, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this action against Defendant Correctional Officer (C/O) E. Aguirre, an employee of the CDCR at SATF.  The claims in this action stem from an injury suffered by Plaintiff in an accident.

Plaintiff alleges that on February 8, 2012, while working in the Dining Facility, a tray slipped out of his hand and landed on his foot, injuring Plaintiff's toe.  As a result, Plaintiff suffered a laceration to his small toe.  Plaintiff notified Defendant Aguirre, who was the kitchen

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 7, 2103.  (ECF No. 5.)

1

supervisor on that watch. Plaintiff worked the rest of the shift. After work, Plaintiff realized his toe was bleeding so he elevated his foot. Plaintiff alleges that on February 17, 2012, he went to medical. Plaintiff alleges that at this point there was an open sore on his toe that had become infected. Plaintiff was given a 3 day "lay-in" and told to return to medical. Plaintiff alleges that at some point he told a nurse and a doctor that "I did mention to C/O E. Aguirre at work that my toe was bleeding will work assignment line server kitchen E. Dining, in the morning I receive medical attention immediately for the injury in the E facility institution clinic.[sic]" (Am. Compl. p. 4.)

Plaintiff alleges that prison policy changed in 2012, requiring all inmates that work to wear state issued boots to work in. Plaintiff alleges that on February 17, 2012, he went to the medical clinic complaining of a blister caused by wearing boots. Plaintiff references the earlier injury to his toe, indicating that a tray slipped off the rack and landed on Plaintiff's foot, re-injuring his foot and causing swelling and increasing pain. Plaintiff vaguely alleges that "C/O E. Aguirre was not at work at the time when I got transferred to CTC at the time when he came in on his third-watch I was transferred to Mercy Hospital of Bakersfield, CA." (Id. p. 5.)

Attached to Plaintiff's original complaint is a copy of a medical report from Mercy Hospital in Bakersfield, indicating that Plaintiff was admitted on February 2, 2012.[2] The report indicates that Plaintiff was admitted on February 28, 2012, with an infected right fifth toe. The report indicates that Plaintiff stated that a tray dropped on his foot on February 17, 2012. Plaintiff subsequently experienced ulceration and infection of the wound. The medical recommendation regarding Plaintiff's toe was a podiatric evaluation in order to assess debridement of the toe.

## II.

## ANALYSIS

The Eighth Amendment requires prison officials to take reasonable measures to

---

[2] **Error! Main Document Only.** The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

2

1  guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.
2  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th
3  Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the
4  official acted with deliberate indifference toe threat of serious harm or injury to an inmate.
5  <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference"
6  has both subjective and objective components.  A prison official must "be aware of facts from
7  which the inference could be drawn that a substantial risk of serious harm exists and . . . must
8  also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.  Liability may follow only of a prison official
9  "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to
10 take reasonable measures to abate it."  <u>Id</u>. at 837.

11      Here, Plaintiff fails to allege facts from which an inference could be drawn that
12 Defendant Aguirre knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff's
13 allegations, liberally construed, indicated that a tray accidentally fell on Plaintiff's foot.  There
14 are no facts alleged indicating that Defendant Aguirre knew of an objectively serious risk to
15 Plaintiff's health or safety and disregarded that risk.  That a tray fell on Plaintiff's foot does not
16 subject Defendant Aguirre to liability.  There are no facts alleged indicating that Plaintiff was
17 subjected to a serious risk of harm.  Plaintiff does not allege a dangerous condition that caused
18 the tray to fall, nor does Plaintiff allege any conduct by Defendant Aguirre that would put him on
19 notice of a dangerous condition.  The most liberal construction of the facts alleged indicates that
20 Plaintiff suffered an accidental injury.

21      As to any claim regarding medical care, a prisoner's claim of inadequate medical care
22 does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless
23 the mistreatment rises to the level of "deliberate indifference to serious medical needs."  <u>Jett v.
24 Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104
25 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious
26 medical need' by demonstrating that failure to treat a prisoner's condition could result in further
27 significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
28 response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096.  A defendant does not

1  act in a deliberately indifferent manner unless the defendant "knows of and disregards an
2  excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).
3  "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d
4  1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is
5  shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible
6  medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

7  Here, Plaintiff alleges no conduct by Defendant Aguirre that indicates that he was
8  deliberately indifferent to a serious medical need of Plaintiff's. Plaintiff alleges that a tray fell
9  on his foot and that he worked the rest of the shift. Plaintiff does not allege that Defendant
10 Aguirre was aware that Plaintiff suffered from a serious medical condition and was deliberately
11 indifferent to it. There are no allegations that Plaintiff requested medical treatment and was
12 denied, or that Plaintiff had a valid medical approval to not work because of a medical condition
13 and that Defendant Aguirre disregarded it. Even if Plaintiff were to allege facts indicating that
14 Defendant Aguirre was negligent, such allegations do not state a claim under section 1983.
15 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at
16 105-06); Toguchi v. Chung, 391 F.3d 10510, 1060 (9h Cir. 2004).

17 The only conduct charged to Defendant Aguirre is that he was the supervisor on the day
18 in question. Government officials may not be held liable for the actions of their subordinates
19 under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a
20 government official cannot be held liable under a theory of vicarious liability for section 1983
21 actions, Plaintiff must plead that the official has violated the Constitution through his own
22 individual actions. Id. at 673. In other words, to state claim for relief under section 1983,
23 Plaintiff must allege facts indicating that Defendant Aguirre engaged in conduct that constituted
24 deliberate indifference. He has failed to do so here.

### III.

### CONCLUSION AND ORDER

27 In the December 11, 2014, order dismissing the complaint, the Court informed Plaintiff
28 of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had

failed to state a claim upon which relief could be granted. The Court finds that Plaintiff has not cured the defects identified by the Court. The crux of this action is Plaintiff's accidental injury and the infection that resulted from the delay in treatment. The only conduct charged to the Defendant in this case is that he was the kitchen supervisor on the day that Plaintiff was injured. Plaintiff was specifically advised that he did not link Defendant Aguirre to any conduct that deprived Plaintiff of a protected interest. Plaintiff was advised of the legal standards for stating a claim for deliberate indifference to his serious medical needs and for failure to protect. Because the December 24, 2014, first amended complaint does not state a claim upon which relief could be granted, the Court dismisses the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the Court could grant relief. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(prisoner must be given notice of deficiencies and an opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted;
2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 11, 2016**

UNITED STATES MAGISTRATE JUDGE